1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT AUSTIN JOHNSON,                    No. 2:13-cv-0706-CMK-P

12                    Plaintiff,

13            vs.                                          <u>ORDER</u>

14   SIERRA CONSERVATION CENTER, et al.

15                    Defendants.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25   of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26   that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1   1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

2   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

3   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

4   with at least some degree of particularity overt acts by specific defendants which support the

5   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6   impossible for the court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8

9                                    **I.  PLAINTIFF'S ALLEGATIONS**

10          Plaintiff alleges in his complaint that the defendants have failed to protect him

11   against a potential serious threat of harm.  He states that while housed at Sierra Conservation

12   Center, he was in an altercation with another inmate, Turcot.  As a result of that altercation, both

13   plaintiff and inmate Turcot were reassigned and set to be transferred to another institution.

14   Plaintiff states that he was told he would be transferred to "SADF" and that such a transfer would

15   place him in danger as inmate Turcot was also to be transferred there and he had friends in every

16   yard at that facility.  He claims such a transfer would place him at substantial risk of serious

17   harm.  Since filing this action, plaintiff has been transferred to California State Prison, Corcoran.

18

19                                        **II.  DISCUSSION**

20          The treatment a prisoner receives in prison and the conditions under which the

21   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

24   of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

25   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

26   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

1  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

2  801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only

3  when two requirements are met: (1) objectively, the official's act or omission must be so serious

4  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

5  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

6  inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison

7  official must have a "sufficiently culpable mind." See id.

8  Under these principles, prison officials have a duty to take reasonable steps to

9  protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

10  1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met:  (1)

11  objectively, the prisoner was incarcerated under conditions presenting a substantial risk of

12  serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer,

13  511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge

14  element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not

15  liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer,

16  511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison

17  officials know for a certainty that the inmate's safety is in danger, but it requires proof of more

18  than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

19  Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison

20  officials actually knew of a substantial risk, they are not liable if they took reasonable steps to

21  respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

22  Here, plaintiff stated he was going to be transferred to SADF. The court interprets

23  this to mean he was told he was to be transferred to California Substance Abuse Treatment

24  Facility and State Prison, Corcoran (SATF). Instead, it appears he has been transferred to

25  California State Prison, Corcoran (CSP-C). These are two separate facilities, both located in

26  Corcoran. However, plaintiff claims the risk to his safety lies at SATF, not at CSP-C where he

3

1  was actually transferred to.  Therefore, any potential risk to plaintiff's safety did not come to pass
2  as he expected.

3          In addition, plaintiff's claims of risk are too tenuous to be sufficient to state a
4  claim.  Plaintiff was concerned he would be housed in a yard where inmate Turcot's friends were
5  located.  He claims he informed the defendants about the risk, providing them with full
6  knowledge, but the risk was ignored which would likely result in his assault.  In order to state a
7  claim, plaintiff has to allege conditions presenting a substantial risk of serious harm.  No such
8  situation is presented in plaintiff's complaint.  While there may have been a slight risk to plaintiff
9  if he had been transferred to the same prison as inmate Turcot and assigned to the same yard,
10  plaintiff failed to allege sufficient facts of a substantial risk of harm.  There is no indication that
11  inmate Turcot was likely to attack plaintiff, held plaintiff responsible for his transfer, or had
12  threatened plaintiff.  Similarly, the possibility of transfer to the same prison as inmate Turcot's
13  friends, who may or may not know about the altercation, is too speculative to show actual
14  substantial risk of harm.  The mere possibility of harm is insufficient.

15          As plaintiff has been transferred to another facility, not SATF where the
16  possibility harm was alleged to exist, there is no possibility that an amendment can cure the
17  defects in plaintiff's complaint.

18
19                              **III.  CONCLUSION**

20          Because it does not appear possible that the deficiencies identified herein can be
21  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
22  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
23  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action
24  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to
25  this order may result in dismissal of the action for the reasons outlined above, as well as for
26  failure to prosecute and comply with court rules and orders.  See Local Rule 110.

1          IT IS SO ORDERED.

2

3     DATED:  June 6, 2014

4                                                    _____
                                                     **CRAIG M. KELLISON**
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26