IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AUSTIN JOHNSON, | No. 2:13-cv-0706-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| SIERRA CONSERVATION CENTER, et al. | |
| Defendants. | |
| _____ / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. The court issued an order to show cause requiring plaintiff to show cause why this action should not be dismissed for failure to state a claim. Pending before the court is plaintiff's response to the court's order.

      In the order to show cause, the court discussed the claims raised in plaintiff's complaint, and found they failed to state a claim based on the allegations that the defendants failed to protect plaintiff from the possibility of harm. The claim, a violation of plaintiff's Eighth Amendment rights, was based on the defendants' decision to transfer plaintiff to the same facility as another inmate with whom plaintiff had an altercation with, thus placing him in danger. The

1  court explained that:

2        prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

12  (Order, Doc. 13, at 3).

13  In his response to the order to show cause, plaintiff explains that he and inmate Turcot were in fact transferred to the same facility. However, he makes it clear they were assigned to different yards, and the only possible contact between the two were during medical clinic trips. This is not a case where the defendants intentionally housed two known enemies in the same cell, much less same yard where they would be in direct contact on a regular basis. While there is some remote risk that the two could come in contact with each other during a medical visit, the possibility of an attack during such contact is remote. Plaintiff's claims of risk are simply too tenuous to be sufficient to state a claim for violation of his Eighth Amendment rights.

Plaintiff was informed as to the defects in his complaint, and he was provided an opportunity to show cause as to why this case should not be dismissed for failure to state a claim. Plaintiff's response thereto clarifies that the defects in his claims are not curable and his complaint fails to state a claim upon which relief can be granted.

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for plaintiff's failure to state a claim upon which relief can be granted; and

2. The Clerk of the Court is directed to close this case.

DATED: May 15, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE